## In re KIMMEL.

(District Court, E. D. Pennsylvania. December 9, 1910.)

No. 3,879.

1. BANKRUPTCY (§ 227*)—REFEREES—REVIEW OF PROCEEDINGS BY JUDGE.

Where no party in interest has asked that an order made by a referee in bankruptcy be certified to the District Court for review, it is not reviewable merely on a report by the referee of his proceedings, including the order.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 387; Dec. Dig. § 227.*

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

2. BANKRUPTCY (§ 391*)—ACTIONS AGAINST BANKRUPT—INJUNCTION.

An injunction, granted by a referee, restraining the prosecution in a state court of an action by a landlord to dispossess a bankrupt and his trustee from leased premises, continued by the District Court.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 649-651; Dec. Dig. § 391.*]

In the matter of Charles E. Kimmel, bankrupt. On petition by trustee for continuance of restraining order. Motion granted.

C. W. Van Artsdalen, for trustee.
David R. Griffith, Jr., for landlord.

J. B. McPHERSON, District Judge. It may be as well to state briefly the precise point which this controversy appears to have reached. To do so may perhaps help in avoiding future complications.

The bankrupt was a lessee, and the term of his lease was five years from May 15, 1909. The trustee received an offer of $2,000 for the unexpired term, the good will of the business, and certain personal property. After notice to the landlord and other creditors, the referee on November 22 ordered the trustee to accept the offer and assign the unexpired term with the other property. Meanwhile, on November 10, the landlord had applied to common pleas No. 1 of Philadelphia county, claiming the right so to do under the lease, and had issued a writ of habere facias possessionem to dispossess the bankrupt and his trustee. On November 17 the District Court restrained the writ until November 23, and afterwards continued the stay until December 15. On November 23 the landlord petitioned the referee to modify his order by striking out the clause directing the trustee to assign the unexpired term, and the referee heard and refused this petition on November 28, thus leaving the order unchanged. No one has asked that the order be certified for review, and it therefore continues in force. On December 1 the referee reported informally to the court, stating what proceedings had been had, and my information is derived from this report. It may be added that the parties in interest concede the correctness of his statements. It is clear therefore that the order of November 22 is not before me for review. It stands as the referee made it, and the trustee and others interested in the estate

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

must decide for themselves what, if any, further proceedings·shall be taken. This court does not offer advice. It decides controversies, and at present no controversy over the order is presented for decision.

One matter, however, is properly before me. On December 2 the trustee petitioned that the restraining order be continued until May 15, 1914, and the landlord filed an answer. I need not summarize these papers. They recount the foregoing facts and some others, and I shall only add that I feel bound to preserve the status quo—at least for a reasonable time—and I shall therefore continue the restraining order until the further order of the court. It can readily be modified or rescinded as may seem advisable.

The clerk will make the appropriate entry.